## LIABILITY OF ASSIGNEE OF RENTS TO MAKE REPAIRS.

### Circuit Court of Cuyahoga County.

### The S. H. Cohn Company v. Hermine A. Simon.

### Decided, March 20, 1911.

*Assignee of Rents—Not Answerable for Failure to Make Repairs.*

1. The right to receive rents due or to become due under a lease may be severed from the reversion and by assignment become vested in the assignee.
2. The mere assignee of the rents, though she has agreed with her assignor to make necessary repairs, is not answerable to the tenant for her failure to make such repairs.

*Hidy, Klein & Harris,* for plaintiff in error.
*W. D. Meals* and *Sanders & Sanders,* contra.

Henry, J.; Winch, J., and Marvin, J., concur.

The parties to this proceeding in error stand in the relation opposite to that in which they stood below. There Hermine A. Simon, as assignee of the rents of a certain block, sued the Cohn Company, which is the assignee of a lease of a certain store in said block, in an action for rent. The defendant, by cross-petition counter-claims for damage to its goods in said store by water from leaky pipes in a part of the block retained and controlled by the lessor. The defendant in error's right to the rents was acquired before the damage to plaintiff in error's goods occurred.

A demurrer to the petition was overruled and recovery on the counter-claim was denied by exclusion of certain evidence and peremptory charge of the court.

Neither party to the suit is an original party to the lease.

In support of the demurrer it is agreed that there is privity neither of estate nor of contract between the parties and *Smith v. Harrison,* 42 Ohio St., 164, is cited to show that:

"The foundation of the action by the assignee of the reversion against the assignee of the leasehold, is the privity of estate

between them. The principle is that the latter shall not enjoy the former's property without the payment of rent.''

And, again, at page 185:·

''The right to sue for and recover rents follows the fee simple estate, and the action therefor must be in the name of the owner of the fee at the time the rent accrues.''

We discern no reason, however, why his right may not be severed from the reversion and by assignment become vested in the assignee. The books are full of such cases of severance.

The rulings on the cross-petition were likewise correct. True, the defendant in error. as assignee of the rents, had expressly agreed with her assignor to make necessary repairs; but that agreement was solely for his benefit, and he, as the reversioner, is alone answerable for breach of duty to his tenant. The defendant in error, as assignee of the rents, assumed no duty to the plaintiff in error.

Judgment affirmed.